UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NY BLACK AND GOLD
CORPORATION,

              Plaintiff,

  v.

SF GROUP LLC,

              Defendant.

C24-1911 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff NY Black and Gold Corporation's Motion to Serve the Washington Secretary of State and for an Enlargement of Time to Serve, docket no. 6, is GRANTED in part and DENIED in part. Federal Rule of Civil Procedure 4(h) authorizes a party to serve a limited liability company located in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual or . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy to each to the defendant." Federal Rule of Civil Procedure 4(e) authorizes service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Under Washington law, a limited liability company may be properly served by serving its registered agent, sending certified mail to the address filed with the secretary of state, by handing a copy of service to an individual in charge of the company's business activities, or "if all else fails," by serving the secretary of state. RCW 23.95.450(1)-(4); see RCW 25.15.026; see also Amazon.com Servs. LLC v. Indecor Home Co., 2023 WL 2573237, at *2 (W.D. Wash. Mar. 20, 2023).

MINUTE ORDER - 1

On November 20, 2024, Plaintiff filed its Complaint, docket no. 1, against Defendant SF GROUP LLC. On December 4, 2024, Plaintiff's process server attempted to serve Defendant's registered agent, Samantha Figueroa, at the address on file with the secretary of state. Affidavit of Non-Service (docket no. 6-2 at 2); Decl. of Craig B. Sanders (docket no. 6-1 at 2). The apartment manager indicated the residence was vacant. Id. On January 6, 2025, Plaintiff ran a Transunion "skip trace" on Defendant and Figueroa. Sanders Decl. at 2; see TLO searches (docket nos. 6-3, 6-4). On January 8, 2025, the process server attempted to serve Figueroa at an address discovered from the skip trace. Id. at 2–3; TLO search (docket no. 6-4 at 2). The resident contacted at the address indicated he had lived there for over a year and a half and had never heard of Defendant. Sanders Decl. at 3; Affidavit of Non-Service (docket no. 6-5 at 2). On January 18, 22, and 24, 2025, the process server attempted to serve Defendant at Defendant's principal office mailing address on file with the secretary of state. Sanders Decl. at 2–3; see Affidavit of Non-Service (docket no. 6-6 at 2). The process server was unable to gain access to the building during any of these three attempts. Affidavit of Non-Service (docket no. 6-6 at 2).

Plaintiff argues that Defendant's principal place of business listed with the Washington Secretary of State is invalid and, thus, Plaintiff cannot serve Defendant through registered or certified mail. Sanders Decl. at 3. But the record does not support a conclusion that the address for Defendant's principal place of business is invalid, only that the process server was not able to enter the building to effectuate service. Under RCW 23.95.450(2), Defendant may be served by registered or certified mail, return receipt requested, if Figueroa cannot with reasonable diligence be served. "Reasonable diligence requires the plaintiff to make honest and reasonable efforts to locate the defendant." Wright v. B&L Props., Inc., 113 Wn. App. 450, 458 (2002). The record supports a conclusion that Figueroa cannot with reasonable diligence be served, but Plaintiff must attempt service on Defendant using the procedures outlined in RCW 23.95.450(2), (3) before Plaintiff is entitled under the statute to serve the secretary of state. See Oregon Mut. Ins. Co. v. Reed, 2022 WL 179324, at *2 (W.D. Wash. Jan. 20, 2022) ("The Secretary State is deemed an agent of a business entity only if service cannot be made in one of the three ways specified in RCW 23.95.250."); see also Grays Harbor Drug Task Force v. Real Prop. Known as 3010 Sumner, Hoquiam, 2020 WL 3258460, *3, 13 Wn. App. 2d 1103 (2020). Instead of continually trying to personally serve Figueroa, Plaintiff could have attempted service by registered or certified mail on Defendant's principal place of business. See McVay v. Lee Crossridge LLC, 2021 WL 3145715, *5, 18 Wn. App. 2d 1034 (2021).

(2) Plaintiff must serve Defendant within 90 days after filing its Complaint. See Fed. R. Civ. P. 4(c)(1), (m). Plaintiff's deadline to do so is February 18, 2025. To allow for enough time for Plaintiff to serve Defendant through the procedures outlined in RCW 23.95.450, the Court hereby EXTENDS this deadline by thirty (30) days to March 20, 2025.

MINUTE ORDER - 2

(3)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of February, 2025.

                                              Ravi Subramanian
                                              Clerk

                                              s/Laurie Cuaresma
                                              Deputy Clerk