1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

| NY BLACK AND GOLD CORPORATION, | |
|---|---|
| Plaintiff, | C24-1911 TSZ |
| v. | ORDER |
| SF GROUP LLC, | |
| Defendant. | |

13  THIS MATTER comes before the Court on Plaintiff NY Black and Gold

14 Corporation's motion for default judgment, docket no. 14.  Having reviewed all papers

15 filed in support of the motion, the Court enters the following order.

16 **Background**

17  Plaintiff is a California corporation and professional photography company that is

18 the legal and rightful owner of certain photographs that Plaintiff commercially licenses.

19 Compl. at ¶¶ 6 & 11 (docket no. 1).  Plaintiff's photographs are original, creative works

20 in which Plaintiff owns protectable copyright interests.  Id. at ¶ 14.  On March 21, 2017,

21 Elizabeth Waterman created a photograph (the "Photograph") showing a close-up of a

22 black hair extension:

23

ORDER - 1



Ex. 1 to Compl. (docket no. 1-1); Compl. at ¶ 2 & 15 (docket no. 1). Waterman created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution. Compl. at ¶ 18. On April 23, 2020, the Photograph was registered by the United States Copyright Office under Registration No. VA 2-205-488. Id. at ¶ 17. Plaintiff acquired the rights in and to the Photograph by way of written assignment. Id. at ¶ 19.

    Defendant SF Group LLC is a cosmetic company selling hair extensions and beauty bar services, and it owns and operates the following website: sfhairextension.com. Id. at ¶ 3–4. On August 14, 2024, Waterman observed the Photograph on Defendant's website. Waterman Decl. at ¶ 12 (docket no. 17). Defendant displayed the Photograph

ORDER - 2

on its website as "part of an online cosmetic product listing for a pack of black clip-in hair extensions." Id. at ¶ 13.

Plaintiff alleges that Defendant, without permission or authorization from Plaintiff, actively selected, copied, and displayed the Photograph on Defendant's website and engaged in this misconduct knowingly and in violation of the United States copyright laws:



Compl. at ¶ 5 (docket no. 1); Ex. 2 to Compl. (docket no. 1-2). Plaintiff claims, upon information and belief, that Defendant "has received a financial benefit directly attributable to the Infringement." Compl. at ¶ 39. Plaintiff attempted to contact Defendant in August and September 2024, but Defendant failed to respond. Id. at ¶¶ 45–47.

ORDER - 3

On November 20, 2024, Plaintiff filed this lawsuit against Defendant, alleging copyright infringement under the Copyright Act, specifically 17 U.S.C. § 501. See Compl. at ¶¶ 50–59. Plaintiff filed motions to serve the Washington Secretary of State after diligent efforts to effectuate service upon Defendant directly proved unsuccessful. See generally Unopposed Mots. (docket nos. 6 & 8). The Court granted Plaintiff's second motion, see Minute Order (docket no. 9), and Plaintiff perfected service against Defendant by serving the Washington Secretary of State on April 4, 2025, see Proof of Service (docket no. 10). Defendant did not timely plead or otherwise defend in this action, and Plaintiff moved for default, docket no. 11. On July 7, 2025, the Clerk entered default against Defendant. See Order (docket no. 12). On November 3, 2025, Plaintiff filed the motion for default judgment, docket no. 14, now pending before the Court.

**Discussion**

**A.    Jurisdiction**

The Court has federal question jurisdiction over this action because it arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 501–13. See 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendant because it is a Washington limited liability company with a principal office located in Seattle, Washington.

**B.    Legal Standard**

Plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), because Plaintiff's claim is not for a sum certain. A plaintiff is not entitled to default judgment as a matter of right; a court has discretion whether to enter a default judgment. Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). As a general rule,

ORDER - 4

default judgments are ordinarily disfavored, and cases should be resolved on the merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts in the Ninth Circuit consider the following factors, often called the "Eitel factors," when determining whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471–72; see Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co., 2019 WL 1572675, at *6 (W.D. Wash. Apr. 11, 2019). Courts must accept as true the well-pleaded allegations in the complaint, except those relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987). If the Court determines that an entry of judgment is warranted, it must next determine the character and amount of relief to be awarded. Waters v. Mitchell, 600 F. Supp. 3d 1177, 1182 (W.D. Wash. 2022) (citing Televideo Sys., Inc., 826 F.2d at 917–18). A plaintiff seeking an award of damages must provide the Court with evidence to establish the reasonableness of the amount. See Fed. R. Civ. P. 55(b)(2).

C.  **Propriety of Default Judgment**

The Court finds that the Eitel factors weigh heavily in favor of granting default judgment in this case.

///

///

ORDER - 5

1. **Factor One**: Possibility of Prejudice to Plaintiff

Without entry of default judgment in this case, the Court finds that Plaintiff will be prejudiced. This case was filed over a year ago, and Defendant has never appeared. Therefore, "[w]ithout default judgment, [p]laintiff[] will suffer prejudice because [it] will be denied the right to judicial resolution of [its] claims and will be without other recourse for recovery." Amazon.com, Inc. v. Wong, 2024 WL 553695, at *3 (W.D. Wash. Feb. 12, 2024) (internal quotation marks omitted). The Court finds the first factor favors entry of default judgment.

2. **Factors Two and Three**: Merits of Plaintiff's Claims and Sufficiency of Complaint

The second and third Eitel factors are often analyzed together due to their overlap. Curtis v. Illumination Arts, Inc., 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014). To satisfy the two factors, Plaintiff is required to "state a claim on which [plaintiff] may recover." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal quotations omitted). After default has been entered by a court clerk, a district court will accept as true a complaint's well-pleaded allegations pertaining to liability, and is not required to make detailed findings of fact because the defendant is deemed to have admitted all such allegations. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); see also TeleVideo Sys., Inc., 826 F.2d at 917–18. Taking the allegations in Plaintiff's

ORDER - 6

complaint as true, the Court concludes that Plaintiff has adequately pleaded a copyright infringement claim against Defendant.

To establish copyright infringement, Plaintiff must prove that it (i) owns a valid copyright, and (ii) Defendant copied the "constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). In this case, through the Complaint, its attachments, and supplemental materials filed, Plaintiff has alleged all the facts necessary to demonstrate copyright infringement. The record shows that Plaintiff owns a valid copyright in the Photograph, see Ex. 1 to Waterman Decl. (docket no. 17 at 5), and Plaintiff alleges Defendant copied and published an exact replica of its copyrighted work without authorization, Compl. at ¶ 27 (docket no. 1). In the Complaint and its attachments, Plaintiff provides detailed allegations, including visual depictions of the Photograph and Defendant's infringing use of the Photograph, that, taken as true, demonstrate infringement. See Exs. 1 & 2 to Compl. (docket nos. 1-1 & 1-2). The second and third Eitel factors favor granting default judgment to Plaintiff.

### 3. Factor Four: Sum of Money at Stake

Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." PepsiCo, 238 F. Supp. 2d at 1176. In considering the money at stake, the Court must assess whether the recovery sought by the plaintiff is proportional to the defendant's conduct. Cheddar Creations, Inc. v. Pawico, 2024 WL 1346856, at *6 (W.D. Wash. Mar. 31, 2024). "If the amount of money is large or disproportionate, this factor weighs against default judgment." Curtis, 33 F. Supp. 3d

ORDER - 7

1  at 1212.  Here, the Court finds that the amount of money sought by Plaintiff is

2  appropriate given the facts and circumstances.

3        The Copyright Act authorizes this Court to impose statutory damages for non-

4  willful infringement up to $30,000.00 per infringed work. 17 U.S.C. § 504(c)(1).

5  Plaintiff seeks only $12,500.00 in statutory damages.  Given the seriousness of the

6  misconduct and defendant's failure to defend this case, the Court finds that the amount

7  requested favors entry of default judgment.

8        **4.**      <u>**Factor Five**</u>**: Possibility of a Dispute of Material Facts**

9        To evaluate the fifth factor, the Court must "consider[ ] the possibility of dispute

10 as to any material facts in the case."  <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.  In this case, the

11 Court concludes that this factor weighs in favor of default judgment.  "When default has

12 been entered, courts find that there is no longer the possibility of a dispute concerning

13 material facts because the court must take the plaintiff's factual allegations as true."

14 <u>Curtis</u>, 33 F. Supp. 3d at 1212; <u>see also</u> <u>Microsoft Corp. v. Lopez</u>, 2009 WL 959219, at

15 *3 (W.D. Wash. Apr. 7, 2009) (observing that the defaulting defendant's "silence

16 supports the Court's finding that it is unlikely that genuine issues exist as to any material

17 facts").  Indeed, when a plaintiff has made allegations supported by evidence and the

18 defendant has not challenged those allegations, like in this case, this factor weighs in

19 favor of default judgment.  <u>See</u> <u>Getty Images (US), Inc. v. Virtual Clinics</u>, 2014 WL

20 358412, at *4 (W.D. Wash. Jan. 31, 2014).

21 / / /

22 / / /

23

ORDER - 8

5.     **Factor Six: Whether Default Was Due to Excusable Neglect**

As for the sixth factor, the Court finds that no evidence suggests Defendant's failure to defend this case is due to excusable neglect.  Service was perfected on Defendant through the Washington Secretary of State on April 3, 2025.  See Proof of Service (docket no. 10).  Nearly eight months later, Defendant has still not appeared in this action.  Plaintiff made numerous attempts to locate Defendant's agent, and in its motions for alternative service, Plaintiff stated that it had been unable to effectuate service upon Defendant because Defendant's registered agent information on file with the Washington Secretary of State was inaccurate.  See Unopposed Mot. at 1 (docket no. 8); Unopposed Mot. at 1 (docket no. 6).  Any failure to keep the Washington Secretary of State apprised of accurate and up-to-date registered agent information is construed against Defendant, and its default cannot be attributed to excusable neglect because it was properly served through the Washington Secretary of State.  See Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).  Accordingly, this factor weighs in favor of the entry of default judgment.

6.     **Factor Seven: Public Policy Favoring Decisions on the Merits**

Although "[c]ases should be decided on the merits whenever reasonably possible[,]" Eitel, 782 F.2d at 1472, public policy favoring decisions on the merits "is not dispositive" in cases where, "as here, [the] defendant fails to appear or defend itself in the action." Amazon.com, Inc., 2024 WL 553695, at *7.  In this case, Defendant's nonappearance in this case demonstrates that despite Plaintiff's efforts, its claim cannot

ORDER - 9

be resolved on its merits.  Accordingly, the Court holds that this factor favors default judgment.

### 7. Conclusion: Eitel Factors

The Eitel factors overwhelmingly support a default judgment in this case. Accordingly, the Court GRANTS Plaintiff's motion for a default judgment, docket no. 14, against Defendant.

## D. Relief

Because the Court has concluded that entry of default judgment is appropriate, it must now determine the relief to which Plaintiff is entitled.  The Court does not consider a defaulting defendant to have admitted the facts alleged concerning damages. TeleVideo Sys., Inc., 826 F.2d at 917.  Instead, a plaintiff moving for default judgment should submit "a declaration and other evidence establishing [its] entitlement to a sum certain and to any nonmonetary relief sought." Local Civil Rule 55(b)(2).

### 1. Statutory Damages

A copyright infringer is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, or (2) statutory damages.  17 U.S.C. § 504(a). The copyright owner may elect to recover statutory damages in an amount of not less than $750.00 or more than $30,000.00 per infringement.[1]  Id. at § 504(c)(1).  The precise amount of statutory damages is a matter within the Court's discretion, "constrained only

---

[1] Although Plaintiff alleges that Defendant's infringements were willful, see Compl. at ¶¶ 25–26, 34–35, 48, 54–56 (docket no. 1); Waterman Decl. at ¶ 24 (docket no. 17), the Court declines to address this issue because the amount of statutory damages Plaintiff requests falls well within the range for non-willful infringement.

ORDER - 10

1  by the specified maxima and minima." Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d
2  1332, 1336 (9th Cir. 1990) (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335
3  (9th Cir. 1984)).

4      Plaintiff seeks an award of $12,500.00 for copyright infringement of the
5  Photograph Defendant allegedly infringed, namely Registration No. VA 2-205-488.
6  Mem. in Supp. of Pl.'s Mot. at 9 (docket no. 15).  This requested figure is calculated by
7  the $2,500.00 licensing fee "multiplied by a factor of five." Id.  The Court finds that the
8  statutory award requested by Plaintiff is warranted.  "When considering the proper
9  amount of damages, the Court takes into account the amount of money requested in
10 relation to the seriousness of the defendant's conduct, whether large sums of money are
11 involved, and whether 'the recovery sought is proportional to the harm caused by
12 defendant's conduct.'" Dallas Buyers Club, LLC v. Nydam, 2016 WL 7719874, at *3
13 (W.D. Wash. Aug. 8, 2016) (quoting Curtis, 33 F. Supp. 3d at 1212).  The Court,
14 however, has wide discretion in determining the amount of statutory damages to be
15 awarded within the ranges provided in the Copyright Act.  See Harris, 734 F.2d at 1335.
16 "And 'because awards of statutory damages serve both compensatory and punitive
17 purposes, a plaintiff may recover statutory damages whether or not there is adequate
18 evidence of the actual damages suffered by plaintiff or of the profits reaped by
19 defendant.'" Amazon Content Servs. LLC v. Kiss Library, 2021 WL 5998412, at *4
20 (W.D. Wash. Dec. 17, 2021) (quoting L.A. News Serv. v. Reuters Television Int'l, Ltd.,
21 149 F.3d 987, 996 (9th Cir. 1998)).

  The Court finds that these considerations weigh in favor of granting a statutory damages award of $12,500.00 for one infringed work, Registration No. VA 2-205-488. Plaintiff's sought-after award is well within the non-willful infringement statutory damages range.  The recovery Plaintiff seeks is proportional to the harm caused by Defendant's infringement; Defendant has used Plaintiff's copyrighted work without paying a licensing fee for it and has profited off of its use.

  Accordingly, the Court GRANTS Plaintiff $12,500.00 for infringement upon the work registered under the Registration No. VA 2-205-488.

### 2. Costs and Attorney's Fees

  Under 17 U.S.C. § 505, the Court may in its discretion allow "the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs."  Plaintiff requests an award of both its costs and attorney's fees.  Mem. in Supp. of Pl.'s Mot. at 13, 17 (docket no. 15).

#### i. Costs

  Plaintiff seeks $405.00 for the Clerk's filing fee and $255.00[2] for the process server fees for a total of $660.00 in costs.  Id. at 17; Sanders Decl. at ¶ 12 (docket no. 16). Plaintiff is entitled to recover the costs it seeks.  See 28 U.S.C. § 1920; see generally Olson Kundig, Inc. v. 12th Ave. Iron, Inc., 2023 WL 3269759, at *15 (W.D. Wash. May 5, 2023).  The Court awards Plaintiff $660.00 in costs.

---

[2] The Court understands this figure to reflect the $85.00 process server fee multiplied by three to account for the three service attempts for which Plaintiff paid before the Court permitted service on the Washington Secretary of State.  See Ex. 1 to Sanders Decl. (docket no. 16 at 6–8).

ORDER - 12

### ii. Attorney's Fees

Plaintiff seeks attorney's fees in the amount of $8,085.00. Mem. in Supp. of Pl.'s Mot. at 17 (docket no. 15). The Court concludes that an award of attorney's fees in this case is appropriate.

The Ninth Circuit has instructed courts to consider five non-exclusive factors in determining if attorney's fees are appropriate: "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n, 953 F.3d 638, 653 (9th Cir. 2020) (alterations in original, quoting Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006)). "Substantial weight should be accorded to the fourth factor." Id. Additional factors include the purposes of the Copyright Act and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious party. Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 675 (9th Cir. 2017).

All five factors weigh in favor of awarding attorney's fees to Plaintiff. Plaintiff prevailed against Defendant in full by virtue of the Court's entry of a default judgment against Defendant. Plaintiff's claim was not frivolous. Plaintiff's motivation to initiate this lawsuit was to protect its portfolio of copyrighted photographs that are key to its business model. Defendant asserted no legal or factual arguments because it never appeared and was found in default. The amount of attorney's fees Plaintiff requests is not

1  so great as to impose a chilling effect, and the purposes of the Copyright Act are
2  advanced by awarding attorney's fees in this case.

3        Having determined that an attorney's fees award is appropriate, the Court now
4  turns to whether the amount requested by Plaintiff is reasonable.  To determine whether a
5  request for attorney's fees is reasonable, the Court performs a two-step analysis.  First,
6  the Court calculates the lodestar, "which multiplies an attorney's reasonable hourly rate
7  by the number of hours reasonably expended on the litigation."  Shayler v. 1310 PCH,
8  LLC, 51 F.4th 1015, 1020 (9th Cir. 2022).  Next, "the court determines whether to
9  modify the lodestar figure, upward or downward, based on factors not subsumed in the
10 lodestar figure."  Kelly v. Wendler, 822 F.3d 1085, 1099 (9th Cir. 2016).

11       Plaintiff's counsel requests a lodestar award.  See Mem. in Supp. of Pl.'s Mot. at
12 13–14 (docket no. 15).  Plaintiff argues that the following hourly rates are reasonable for
13 its attorneys and their staff: Craig B. Sanders (30 years of experience) at $750; Jacqueline
14 Mandel (8 years of experience) at $500; Julie Busch (paralegal) at $150; Arielle Marra
15 (paralegal) at $150; and Laura Costigan (paralegal) at $150.  Id. at 17; Sanders Decl. at
16 ¶¶ 16–17 (docket no. 16).  The Court finds that these rates are reasonable.  See
17 Promedev, LLC v. Wilson, 2024 WL 3043415, at *6 (W.D. Wash. June 18, 2024)
18 (concluding that $850 per hour for partners is consistent with rates charged in this
19 District), aff'd sub nom. Promedev, LLC v. Imagipix Corp., 2025 WL 2160143, at *2
20 (9th Cir. July 30, 2025); Knudsen v. Hightower Holdings, LLC, 2024 WL 3430994, at *4
21 (W.D. Wash. July 16, 2024) (awarding between $625 and $685 per hour for attorneys
22 with 6–9 years of experience); Curtis, 33 F. Supp. 3d at 1222 (holding that a rate of $150
23

ORDER - 14

per hour for a paralegal was commensurate with market rates in the Western District of Washington).

The Court "must limit the lodestar to hours reasonably expended," and should therefore "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." Promedev, LLC v. Wilson, 2024 WL 3043415, at *6 (W.D. Wash. June 18, 2024), aff'd sub nom. Promedev, LLC v. Imagipix Corp., 2025 WL 2160143 (9th Cir. July 30, 2025) (quoting Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983)). The Court sees no basis within Plaintiff's counsel's timesheets to discount any hours billed. See Ex. 3 to Sanders Decl. (docket no. 16 at 17–20). The Court determines that $8,085.00 is a reasonable award of attorney's fees.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion for default judgment, docket no. 14, is GRANTED as follows:

    (a) The Court GRANTS default judgment in favor of Plaintiff NY Black and Gold Corporation and against Defendant SF Group LLC for copyright infringement in violation of 17 U.S.C. § 501;

    (b) The Court AWARDS to Plaintiff $12,500.00 in statutory damages, pursuant to 17 U.S.C. § 504(c)(1), for copyright infringement of Plaintiff's work reflected in Registration No. VA 2-205-488; and

    (c) The Court AWARDS to Plaintiff $660.00 in costs and $8,085.00 in reasonable attorney's fees.

(2) The Clerk is DIRECTED to enter default judgment consistent with this Order, to provide certified copies of this Order and the Judgment to Plaintiff's counsel, and to mail copies of this Order and the Judgment to Defendant at the following addresses:

    (a)    SF GROUP LLC
              4746 19TH AVE NE, APT 103,
              SEATTLE, WA, 98105-3366; and

    (b)    SF GROUP LLC
              62 CEDAR ST, APT 414,
              SEATTLE, WA, 98121-1773.

(3) The Clerk is further DIRECTED to CLOSE this case.

IT IS SO ORDERED.

Dated this 9th day of January, 2026.

                                              Thomas S. Zilly
                                              United States District Judge

ORDER - 16